UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 98-12125-GAO

GUN OWNER'S ACTION LEAGUE, INC.;
OUTDOOR MESSAGE COOPERATIVE, INC.;
MASSACHUSETTS SPORTSMEN'S JUNIOR CONSERVATION CAMP, INC.;
A.G. GUNS & AMMO, INC.; GEORGE A. DANAS; MARK COHEN;
JOHN DOE II; JAMES F. GETTENS; DANA H. CROWE; LORI CROW;
BRIAN E. DUNN; JOHN P. HEARSON; TOM LAROCHE; ANN D. LAROCHE;
ROBERT L. WALTER; JOHN DOE I; GOAL FOUNDATION, INC.,
Plaintiffs

v.

ARGEO PAUL CELLUCCI, Acting Governor of Massachusetts;
THOMAS F. REILLY, Attorney General, of Massachusetts;
REED V. HILLMAN, Colonel, Massachusetts State Police;
MARTHA COAKLEY, District Attorney, Middlesex County Massachusetts;
EDWARD DAVIS, Superintendent, Police Department, Lowell, Massachusetts,
Defendants

**MEMORANDUM and ORDER**
September 28, 2000

O'TOOLE, D.J.

The plaintiffs brought suit challenging the Massachusetts Gun Control Act of 1998, St. 1998, Ch. 180 (the "Act"), on a variety of grounds. The defendants have moved to dismiss the complaint for failure to state claims upon which relief can be granted. After consideration of the parties' submissions and oral arguments, I am satisfied that the motion to dismiss ought to be granted essentially for the reasons advanced by the defendants in their papers.

The plaintiffs seek to invoke various constitutional provisions in their scattershot attack on the statute. Counts One, Two and Three rely chiefly on First Amendment doctrines, but none

of these counts alleges a viable constitutional claim. The Act's regulation of shooting at targets shaped like human beings addresses conduct, not expression. See United States v. O'Brien, 391 U.S. 367 (1967). The classification of certain named weapons as assault weapons does not infringe free speech; even if it did, none of the plaintiffs has standing to bring the claim. Restricting Class A gun club licenses to clubs organized as stock corporations offends neither the First Amendment's guarantee of freedom of association nor the Equal Protection Clause of the Fourteenth Amendment, for the reasons the defendants have pointed out.

The plaintiffs also argue, in Counts Four, Five, and Six, that certain defined terms are unconstitutionally vague, including the terms "large-capacity weapon," "assault weapon," and "large capacity feeding device." They further contend in Count Ten that the prohibition against "furnishing" certain arms to persons under age 21 is too vague. None of these claims is ripe as to any of the plaintiffs. See, e.g., National Rifle Ass'n v. Magaw, 132 F.3d 272, 284-90 (6th Cir. 1997); Navegar, Inc. v. United States, 103 F.3d 994, 998 (D.C. Cir. 1997). Even if the claims were ripe for adjudication, the vagueness challenge is not meritorious. First, the definitions for the purposes of the Act's licensing requirements do not regulate or limit constitutionally protected conduct. Notably, the plaintiffs do not allege infringement of any interest putatively protected by the Second Amendment. Moreover, it is patently apparent that the definitions, even if they might be unclear at the margins, are not impermissibly vague in all applications, especially in light of the amendments to the Act which addressed some of the potential uncertainty. See Village of Hoffman Estates v. The Flipside, Hoffman Estates, 455 U.S. 489, 494-95 (1982).

The Eleventh Amendment bars this Court from considering the claim in Count Seven that the Act violates the Massachusetts Constitution.[1] Similarly, even if there had been an impermissible delegation of authority by the state legislature to an administrative agency, as the plaintiffs allege in Count Eight, no federal due process right is implicated. Finally, there is no equal protection violation from an "underinclusive" prohibitions cited in Count Nine.

The defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED.

It is SO ORDERED.

/s/ September 28, 2000
Date

/s/ [signature]
District Court

---

[1] The plaintiffs correctly assert that the Eleventh Amendment does not extend immunity to municipal officials, such as District Attorney Coakley or Police Superintendent Davis. Count Seven of the complaint alleges an impermissible delegation of legislative and judicial power under the Massachusetts Constitution; it does not allege a cause of action against either the district attorney or the police superintendent.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

<u>Gun Owner's Action League, Inc.,   Et Al,</u>
           **Plaintiff**

                                           Civil Action No. <u>  98-CV-12125    </u>

       v.

<u>Argeo  Paul Cellucci,  Acting Governor of Massachusetts;   Et   Al,</u>
           **Defendant**

## ORDER OF DISMISSAL

<u>O'Toole   ,D.J.</u>

   In accordance with this Court's Memorandum and Order dated <u>  9/28/00,</u>

<u>#33    </u>, and the plaintiff not having shown good cause why this case should not

be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the within

action be and it is hereby dismissed.

                                                       By the Court,

                                                       <u>Matthew Hogan</u>
                                                       **Deputy Clerk**

Date <u>September 28, 2000   </u>

(Dismissal 1915.wpd - 12/98)                                              [odism.]

